Good morning, Your Honors. My name is Wayne McMillan. I'm representing Mr. Laing. I've received an order from the Court directing us to discuss whether the District Court has habeas jurisdiction to review an issue that could have been considered by the Appeal Court if it had been filed in a timely manner. I question whether the word considered is the appropriate word. I think the question is whether or not the Appeal Court would have jurisdiction to have made a meaningful determination of Mr. Laing's petition had it been filed in an appropriate manner. Mr. Laing was convicted by his plea of a violation of a conspiracy to sell slash transport slash possess marijuana for sale in violation of 11360 slash 11359 of the Health and Safety Code. He was found removable by the immigration judge for two grounds. One, 237A2A3i, aggravated felony. Second, 237A2Bi, violation of any law relating to a controlled substance. So there were two grounds of admissibility, two grounds of, excuse me, two grounds of removability, both of which were sustained by the immigration judge, both of which were sustained by the Board of Immigration Appeal. At that point in time, under INA section 242A2C, the court stripping section, the court lacked jurisdiction to hear Mr. Laing's appeal. But the court does nothing, right? If you, if he had, he didn't appeal in a timely fashion, correct? Correct. Right. If he had appealed in a timely fashion, what would the court have had to have done at that point? The government would have filed an objection to the appeal based upon lack of jurisdiction and the court would have agreed and it would have. Well, but we would have had jurisdiction to determine our jurisdiction. That's true. And in determining our jurisdiction, wouldn't we necessarily have had to confront precisely the issue that's involved? You would have had to confront half of the issue that's involved. Only half? How's that? You would only have confronted whether or not section, his convictions were a violation of section 237, the aggravated felony. That's the only thing you could have confronted. You could not have confronted whether or not he was also removable as he was found to be removable for a violation of the controlled substance law, any controlled substance law. So the court would have engaged in essentially a useless act. He would have filed, I don't think you file petitions for review when a person has a string of crimes or a string of grounds of removability and say, decide this one and send it back to the BIA just so in the future they'll know what the law is. But by the way, your client is removable anyway. The, I think it's clear the court did not have jurisdiction. Had we filed timely, the court would have simply denied it. There are two reasons. First of all, the law in the jurisdiction at that time was U.S. versus Estrada Torres. And that line of cases held at 11-360 was in fact an aggravated felony. So we would have been asking the court to overturn its precedent, which the court ultimately did in another case. But the more important thing is had we filed, we would have lost. And I don't think it is a requirement for habeas jurisdiction that every criminal alien has to go through the useless act of filing a petition for review, having the government request that it be dismissed, getting it dismissed, and then filing a habeas petition. As authority, so to speak, in another case pending before this court, formerly pending before this court, Concepcion versus Ashcroft, a brief was filed by the government. Regardless of whether Petitioner is convicted of an aggravated felony, in quotes, as defined in Section 101A.43, Petitioner is, in any event, convicted of a controlled substance referenced under INA Section 237A.2b, small i. Under INA Section 242A.2c, the court lacks jurisdiction over any criminal alien convicted of a controlled substance offense. Petitioner's pleadings to the court address the issue of whether he is an aggravated felon, but do not address the issue of this court's jurisdiction over the petition for review. What are you reading from there? I'm reading from a government OIL brief in a different case, which has the exact same fact pattern, which would have been the exact same brief the government would have filed. So it's an argument, not... It's an argument. Okay. It's merely an argument. An argument... I don't always buy everyone's arguments. Well, I understand that. And if it's a good lawyer, of course, they can take an issue and argue both sides of it. You sound like my father. I would like briefly to discuss the merits of my client's hideous petition, Your Honor. It is brief, but the paper trail, the court documents, the paper documents, do not clearly establish what it was that he was convicted of. He was charged, as I say, with a violation of a conspiracy to violate a string of things separated by a slash, and then two separate sections of the Health and Safety Code separated by a slash. It's unclear whether it's in the statute or the conjunctive. We have to go to the transcript of the guilty plea, which is in evidence. And it appears that there were a group of defendants charged in this conspiracy, and a universal plea bargain had been arrived at on the eve of trial, and they were all going to plead guilty and get acceptable plea bargains. And my client was offered a bargain that apparently he didn't agree with, but apparently he was being pressured a great deal to accept that bargain. And he starts out at page 6 of the brief, which is page 25, I believe, I found. The fact that he was pressured before he entered his plea, is that really, does that have any relevance, any legal relevance to this? Well, not just that, but if you read the entire calliloquy surrounding the plea, it is not clear exactly what he is pleading to, certainly not clear what he is admitting that he did wrong. He states at that page, do you understand? You're saying the record isn't clear as to what he entered a plea to? Yes, the record. He starts out by saying, I hear what you're saying, but earlier when I spoke to my attorney, it was a different arrangement from what you're saying now. On the following page, well, it's then described that he's going to plead, that he wants to plead to transportation, but he's going to plead to possession for sale. And then he's continuing to have problems with that, and he's worried about putting everybody else in jeopardy. Then the DA gets angry and says, I'm going to take these guys to trial, and that's on page 9 of the brief, 28 of the submission, and his own attorney jumps in, Mr. Lang's attorney, and says, Mr. Lang, there's been an offer to plead guilty to count 1, which is possession, 16 months, $1,000 restitution fine. Do you understand that offer, and are you willing to accept it? He said, yeah, I understand it, I'll accept it. Is there a plea agreement in the record? No, I don't, no, there's no written plea agreement. This was something that took place on the eve of trial, I guess there was a lot of back and forth, and it was getting late in the day, or late in the morning, and apparently everybody was very, very anxious to get this plea accomplished. If we go through it, Mr. Lang complains the whole way through. Finally, he says, Mr. Lustig, the DA, at page 20, are you pleading guilty because you feel it is in your best interest to plead guilty? The defendant says, yeah. At no time has it ever... When the final question is asked, what is your plea to such and such a charge, what charge did it say? Well, I'm having trouble finding the final plea. At page 24, it says, do you still wish to enter a guilty plea to count one, conspiracy to possess marijuana for sale, and he said no. What does count one say? Count one is that colloquy of... But what does count one say? There's a charging document. What's count one in the charging document? Count one says, Your Honor, that he is charging on information with, I'm going to quote from this point, sale, or sell rather, slash transport slash possess marijuana for sale comma in violation of section 11360 slash 11359 of the health and safety code. So if we just rely on the language count one, it's unclear as to what it led to, or what criminal activity he engaged in that led up to his conviction. What about the argument that even if you wander through all the underbrush involving 59 and 60, you still get to the bottom line of 8 U.S.C. 1227A2B1 that says an alien is deportable if he is a person convicted of a violation of or conspiracy or attempt to violate any law or regulation of a state related to a controlled substance other than a single offense involving possession for one's own use of 30 grams or less of marijuana. And here, I know that that wasn't addressed below, but it seems to be a separate ground on which we could affirm. I mean, he was convicted of a state crime involving more than a single offense involving marijuana. And the government so argues, what's the problem with that argument? Well, there's no problem with the argument. It's all true, except that if that was the only thing he was convicted of, he would have been eligible for cancellation of removal, which he has been arguing from the very beginning of this case, to the immigration judge, to the board, all along the way. We have not alleged that he is not removable under that second ground. Yes, he is. We're just simply asking this court, through its habeas jurisdiction, to find that his first conviction, the first ground, is not an aggravated felony. Therefore, remand to the board, hopefully to remand to the immigration judge, to allow my client to apply for cancellation. And so, on that first ground, why couldn't the Ninth Circuit, on appeal, have found that? Because it has no jurisdiction. Because he is removable for a crime, a drug-related, controlled substance-related crime, that is clearly, clearly puts him in the realm of being a criminal alien, and the court would not have any jurisdiction to decide anything about that. The only conclusion the court could come up with is, yes, he is certainly removable because of this conviction. You simply wouldn't have had the opportunity, you can't, you wouldn't have had the opportunity to litigate piecemeal, to offer an advisory opinion back to the board and say, we find that he's halfway deportable and halfway not, so send him back and let him do cancellation. Is that kind of like halfway pregnant and halfway not? I can't address that, Your Honor, I'm sorry. I would just like to, to me, this is a jurisdictional issue, it's just very clear, because to rule otherwise, any time you had, any time somebody is found removable as an aggravated felon for drug-related offenses, he's also going to be found removable as a drug violator. It's always going to be that too, and the court does not have jurisdiction, and to require that an alien go through the useless act of filing a petition for review, spending his $250, getting the automatic response for the government, taking up a lot of time, and I believe eventually having an adverse finding that the court does not have jurisdiction is simply a waste. The Calcano case and the St. Cyr case... So you're really just calling it futile? Futile is the word that I wrote. So, and then by virtue of that, he's exhausted. Exactly, there was no remedy to exhaust that would have given him any relief. What percentage of your practice is devoted to immigration matters? 80. 80? Right. And criminal, I do criminal immigration things. Do you have anything else to say to us on this? No. All right, we'll let you respond to the government. Thank you. May it please the court. My name is Carla Ford. I'm the Assistant U.S. Attorney representing the, aptly in this case, the Immigration Naturalization Service. I'll begin with the question that the court presented to the parties about 10 days ago, which is whether or not habeas jurisdiction to review an issue that could have been considered by this court if it had been filed in a timely manner. The answer to that question is no. And I'll get to the reasons why, but I think it would be useful to go through the procedural history of the case that's relevant to help explain that. This case... Can you speak up a little bit? I'm having trouble hearing you. Oh, I'm sorry, Your Honor. I will speak up. Thank you. To begin with, the case began when the INS initiated removal proceedings against Mr. Lang in October of 1997. They initiated removal proceedings because Mr. Lang had pleaded guilty, was convicted of violating the Penal Code Section 182A1, rather, 185A1, and also the Health and Safety Code Section 11359. Because of those convictions, removal proceedings were instituted. Between the period of about January 1998 through June 1998, there were about four different hearings during which time Mr. Lang had opportunity to contest the removability charges. The last two dates in January, January 5th and 6th, or it might have been 4th and 5th, were really the substantive hearings, because at the first one, the hearing concerned whether or not Mr. Lang was actually removable as charged. And then the second hearing was about, or rather the last hearing, I should say, was about whether or not he was eligible for the 212C waiver. At the end of those proceedings, the immigration judge decided that Mr. Lang was removable as charged. Mr. Lang filed a timely appeal from that decision to the Board of Immigration Appeals. And some months later, in September, the BIA affirmed the immigration judge's order. Now, Mr. Lang attempted to pursue the direct review that he was entitled to under Section 1252A2C of Title VIII, and that's in the new OIRA statutes that were existing at the time, by which he could get direct review of the BIA's affirmance of the IJ's removal decision. He tried to do that, but he did it in an untimely fashion. And by the time Mr. Lang filed that petition, it was three days too late. Subsequently, the INS filed a motion to dismiss that direct review petition, and it was granted by this court. That happened in, I believe, February of 2001. The next thing that occurs is in July 2001, Mr. Lang files a motion to reopen before the Board of Immigration Appeals, contending that under the new case at that time of Rivera-Sanchez, his aggravated felon charge in the INS removal proceeding was no longer an aggravated felony, and so he was not removable under that charge. He submitted briefing, as did the service, and the result of that was that in December of 2001, the BIA denied that motion. But the other thing that Mr. Lang did... Or just denied the motion. Well, denied the motion, no, there was an opinion, and in that opinion, which I believe is found in the court record at Supplemental Excerpt of Record, pages 188 through 191, the court specifically cites to the fact that the immigration judge saw in the record that Mr. Lang had, in fact, pleaded guilty to H&S 11359 and not 11369. So that there was sufficient basis for the aggravated felon charge in the removal proceedings, and that Rivera-Sanchez had no application, because it only pertained to someone whose charge was not accepted because it was a violation of 11360. So the BIA concluded this was an aggravated felony? Correct. Now, from that point... We're not going to have jurisdiction. Excuse me? Never mind, go ahead. Oh, okay. Jumping ahead. At that point, I do want to alert the court to the fact, however, that back at the time that Mr. Lang filed the motion to reopen before the BIA in July 2001, a day later he filed the petition for habeas corpus in the district court. Now, fast-forwarding to December 2001, when the BIA denies that motion, that was the period during which the next 30 days, Mr. Lang might have filed a petition for a direct review to this court, appealing that decision, petitioning for review of that decision, but he didn't do that. He just told us about where it was concluded that it was an aggravated felony. Correct. So he didn't do that. So that takes us up to... Would we have had jurisdiction to hear that? Yes, you would have. How is that? Under Section 1252A2C, the very same authority that under which you would have been able to hear his petition for direct review after the BIA affirmed the IJ's removal decision. And the reason for that is that this is the statutory scheme that Congress has established for review of agency action in 1252A2C. It incorporates the Hobbs Act and references the fact that direct review is obtainable in the appropriate court of appeal, which this court was for Mr. Lang at that time. So we'll go back to the initial question of the district court and why it lacks habeas jurisdiction has to do with this preexisting statutory framework. And counsel for Mr. Lang, while he argues futility, futility is really not an appropriate argument here because it wouldn't necessarily be futile. This court has jurisdiction to determine its own jurisdiction. And under 1252A2C, the heart of the question is whether or not Mr. Lang is an aggravated felon. This court And he says that by virtue of what had been done below, it was determined to have been an aggravated felony. We would have said it's an aggravated felony. We have no jurisdiction. No, the court would have been able to decide whether he was an aggravated felon or whether he was not. And it's true. If he was, if he was an aggravated felon, the jurist, end of story. And if he was not, then no jurisdiction, correct, but also end of the inquiry because he would have obtained the direct review that Congress provided for. Now what Mr. Lang is seeking to obtain now through the habeas petition is what essentially amounts to a third bite at the apple. He had an opportunity to petition after the BIA affirmed the IJ decision of removal. He did that too late. Then he had another opportunity to do it after the motion for reopening was denied. He didn't do anything in response to that except file the motion, or rather, except file the petition for writ of habeas corpus in the district court. And at that point, the district court didn't have jurisdiction over it. He failed to exhaust. What he should have done is gone for direct review with this court as to that latest agency action. I remember what he said. He said that there were two aspects of this. It wasn't just an aggravated felon. That there was yet another ground on which we could have refused or which we would, we wouldn't have jurisdiction. What's your answer to that? Well, it's the same question. You would have had, whether you would have had jurisdiction to determine your own jurisdiction. The other charge in the, in the removal notice has, relates to crimes relating to a controlled substance. That was 1227A2B1. And the same argument that applies to whether or not you determine whether he's an aggravated felon goes to also whether you could decide whether he had committed a crime relating to a controlled substance. Because under 1252AC, those statutes are referenced side by side. So it's the same inquiry. And the same questions would have been presented to this court. The next part that I, and actually what I would like to highlight to the court is the case, excuse me. So you're saying that had he come to us, we in the determination of whether or not we had jurisdiction to hear his petition would necessarily have had to decide both issues, the aggravated felony and the other one. And then by virtue of having decided those in that jurisdictional context, had he then gone habeas, it would have been like the law of the case, res judicata, estoppel, whatever you want to call it, issue preclusion. And you would have said, wait, that's, it's over because he already decided. Well, that's correct. Now, to the extent that Mr. Lang wanted to raise some other constitutional issue, perhaps that there'd be habeas relief for that, but that's not this case. Mr. Lang was always attacking the underlying criminal conviction and he was trying to.  All of the above. So if a habeas court had said, well, we don't really care what the Ninth Circuit said, we're going to find that this wasn't an aggravated felony or whatever it is. Then you would have appealed that to us and said, Hey, wait a minute. Law of the case, res judicata, issue preclusion, collateral, you know, all of the above. Yes, Your Honor. That would, they would all have been appropriate, I believe. The case. I'll ask Mr. McMillan why that's not the case. And I'll be interested to hear as well. Okay. Now, even if the district court had exercised the habeas jurisdiction, Mr. Lang's claim that he's not an aggravated felon or that Rivera Sanchez somehow takes him out of being an aggravated felon is totally without merit because the record has the support for the conviction. And I would just direct the court to the supplemental excerpt of record at the following pages. At page 43, Mr. Lang pleaded guilty to violating section 182A1 of the Penal Code. He, and he also pleaded guilty to violating section health, health and safety section 11359. At pages 102, 131 through 132, the immigration judge found that Mr. Lang pleaded guilty to those offenses. At page 171, the board of immigration appeals affirmed that decision. On the motion to reopen the record at page 191 has the Bureau of immigration, the board of immigration appeals decision, highlighting the IJ's decision about what the IJ relied on in order to make the finding that he had pledged guilty to those offenses and that therefore they were aggravated felons. So there is absolutely no merit to the, the argument from the beginning. That the argument that there's some doubt as to what he pledged to. Yes, Your Honor. And in any event, because of the other charge, he's always removable and that's not something that he ever brought to this court through the appeal process. Thank you, counsel. Your time has expired. Thank you. There it is. Your Honor, counsel is, is attempting to create a procedure that, that simply is, is not necessary and would be a burden on the court. Well, but I've done that myself a lot. We did, we determined our own jurisdiction and we looked specifically without any encumbrance at all into whether these were aggravated felonies. And having done that, why doesn't that become a foundation for in every other proceeding involving the same parties? Because there are two grounds of removal. If there were only one ground and if it were an aggravated felony ground, then the court would make that determination and that would be the end of story. All right. And the other ground, the government says it's really the same thing. No, it's not. Why not? The ground was never raised. It was never raised that Mr. Lange was not removable as a person convicted of a drug offense. Had this court, had this case gone before the court, the court would have looked and said, he is removable as an alien convicted of a drug offense. We have no jurisdiction. We don't need to play around with whether or not this is an aggravated felony because we have no jurisdiction. Why would we want to take the next step of intellectually deciding if this is an aggravated felony? You don't need to make that decision. You can find lack of jurisdiction on the second ground of removability. As I say, this court is not an advisory body. We're not asking the court to take a look at a whole group of grounds of removability and make decisions and advise the BIA of this is what we would like for you to do in the future. He was clearly removable as an alien convicted of a drug offense. Once that became known to the court, you would have not exercised jurisdiction. If we would have concluded that he was convicted of a drug offense. There's no way you couldn't have concluded that. That's not the, but, but we would have had to determine that to check whether we had jurisdiction. Let me ask you this. He comes before you with a crime of either selling it, transporting it, giving it away, using it, possessing it, whatever. He's clearly removable as an alien convicted of a drug related offense. I'm sure you would agree with that. Once you notice that you would have to say that you have no jurisdiction to hear the case, why would you go on to step two and say, gee, we've got nothing better to do. We're going to make a decision. We're going to take a look at this other case and just make a decision just, just because we want to make some law. I don't think you would do that. Ambitious clerks that like to help us answer. And I think that's why I'm arguing about this because you have an ambitious clerk, but I, the point is that you would have never reached the aggravated felony issue because the plain black and white is that he is removable as a criminal alien convicted of a drug related crime and you wouldn't need to get to the other issue. Do you have anything else? No, thank you. I think on behalf of the panel, we'd like to compliment both of you. We hear many immigration cases, and this is clearly one in which both lawyers are very, very proficient at their craft and we appreciate your help. It's a bit of a tricky issue and you both done quite well. Thank you very much. Case just argued as ordered submitted. Okay. He angered his Ashcroft to submit it on the briefs as is Salvador Santos Paris versus Ashcroft submitted on the briefs briefs. We'll go to Jose Garcia, Cortez versus John Ashcroft.
judges: Hall, Trott, Callahan